UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN JERMAIN BELL,

       Plaintiff,

v.                                                                              Case No. 17-CV-0605

CITY OF MILWAUKEE,
CHIEF EDWARD FLYNN, et al.,

       Defendants,

---

MARIO DARYL WOODS,

       Plaintiff,

v.                                                                              Case No. 17-CV-0606

CITY OF MILWAUKEE,
CHIEF EDWARD FLYNN, et al.,

       Defendants,

---

DELEON MOSBY,

       Plaintiff,

v.                                                                              Case No. 17-CV-0607

CITY OF MILWAUKEE,
CHIEF EDWARD FLYNN, et al.,

       Defendants,

TERRENCE LEE MARTIN,

        Plaintiff,

v.                                              Case No. 17-CV-0666

CITY OF MILWAUKEE,
CHIEF EDWARD FLYNN, et al.,

        Defendants,

DAVID BERNARD FLETCHER,

        Plaintiff,

v.                                              Case No. 17-CV-0694

CITY OF MILWAUKEE,
CHIEF EDWARD FLYNN, et al.,

        Defendants.

SEDARIAN WILLIAMS,

        Plaintiff,

v.                                              Case No. 17-CV-0735

CITY OF MILWAUKEE,
CHIEF EDWARD FLYNN, et al.,

        Defendants.

**CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE
MOTION TO CONSOLIDATE**

Defendants, by their attorneys, Grant F. Langley, City Attorney, Naomi E. Gehling, Assistant City Attorney, and Elleny B. Christopoulos, Assistant City Attorney, file this Civil Local Rule 7(h) Non-Dispositive Expedited Motion to Consolidate the above-captioned matters for all pre-trial matters, pursuant to Federal Rule of Civil Procedure Rule 42(a) and Civil Local Rule 42(a).

## BACKGROUND

The plaintiffs in the above-captioned cases each filed separate Complaints alleging claims for: (1) Unreasonable search and seizure; (2) Failure to Intervene; (3) *Monell* Policy, Pattern, and Practice Claim; and (4) Indemnification. (Christopoulos Aff., Exs. 1-6). The plaintiffs each allege incident(s) of an illegal seizure where Defendant Michael Vagnini performed unconstitutional searches of their persons and where various defendants failed to intervene.[1] Plaintiffs further bring identical claims against Defendants Chief Edward Flynn and the City of Milwaukee for their alleged unconstitutional policies, practices, or customs.

The above-captioned cases are in their infancy, each filed in April or May of 2017. To date, no Federal Rule of Civil Procedure Rule 16 scheduling conferences have been held, no scheduling orders have been entered, and no discovery has been exchanged between the parties. Attorneys Robin Shellow and Kyle G. Borkenhagen, represent all six plaintiffs in the above-captioned cases.

---

[1] Plaintiff Sedarian Williams in Case No. 17-CV-735 brings two claims for unreasonable search and seizure and two claims for the failure to intervene based on incidents that occurred on two separate dates. (Christopoulos Aff., Ex. 6 . ¶¶ 166-170).

## ARGUMENT

Consolidation of the above-captioned cases for all pre-trial matters will promote judicial economy and efficiency. Federal Rule of Civil Procedure 42(a) provides that courts may consolidate actions that "involve a common question of law or fact." "In deciding whether to consolidate cases, courts exercise broad discretion and try to consolidate where possible." *SJ Props Suites, BuyCo, EHF v. Dev. Opportunity Corp.*, 2009 WL 3790009, Nos. 09-cv-533, 09-cv-569, at *1 (E.D. Wis. Nov. 12, 2009) (citing *United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945)). Civil Local Rule 42(a) further provides that a motion to consolidate must be decided by the judge to whom the lowest numbered case is assigned.[2]

Here, the above-captioned actions should be consolidated for all pretrial matters because they involve both common questions of fact and law. First, as to common questions of fact, as described above, all six plaintiffs allege incident(s) of an illegal seizure where Defendant Michael Vagnini performed unconstitutional searches of their persons and where various defendants failed to intervene. Admittedly, the cases involve separate incidents that occurred on separate dates. However, consolidation for all pre-trial matters will still allow for specific factual differences to be brought forth in separate summary judgment motions as to each plaintiff as well as in separate trials. Additionally, the facts and discovery related to the *Monell* claims in call six cases will be identical.

Second, the above-captioned cases all involve common questions of law. All six cases bring the exact same claims: (1) Unreasonable search and seizure; (2) Failure to

---

[2] In this instance, the lowest numbered case, 17-CV-605, is assigned to the Honorable Lynn Adelman.

Intervene; (3) *Monell* Policy, Pattern, and Practice Claim; and (4) Indemnification. Moreover, it is extremely likely that any discovery issues that may arise will be applicable to all six cases. Consolidation of these matters will effectively prevent multiple judges from addressing the exact same legal issues. Thus, the common questions of law in this case strongly favor consolidation in order to preserve precious judicial time and resources.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Expedited Non-Dispositive Motion to Consolidate the above-captioned cases for all pre-trial matters.

Dated and signed at Milwaukee, Wisconsin this 30th day of June, 2017.

GRANT F. LANGLEY
City Attorney

s/Elleny B. Christopoulos
**ELLENY B. CHRISTOPOULOS**
Assistant City Attorney
State Bar No. 1105495
Naomi E. Gehling
Assistant City Attorney
State Bar No. 1061388

800 City Hall
200 East Wells Street
Milwaukee, WI 53202
(414) 286-2601
echris@milwaukee.gov
ngehli@milwauke.gov
Attorneys for Defendants

1032-2017-1107/239991